IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

BERNICE H.[1],  No. 3:17-cv-00957-HZ

        Plaintiff,  OPINION & ORDER

   v.

NANCY A. BERRYHILL, Acting Commissioner,
Social Security Administration,

        Defendant.

George J. Wall
1336 E. Burnside Street, Suite 130
Portland, OR 97214

   Attorney for Plaintiff

Billy J. Williams
United States Attorney
Renata Gowie
Assistant United States Attorney
U.S. Attorney's Office, District of Oregon
1000 SW Third Avenue, Suite 600
Portland, OR 97204

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the non-governmental party or parties in this case. Where applicable, this opinion uses the same designation for a non-governmental party's immediate family member.

1 - OPINION & ORDER

Thomas M. Elsberry
Special Assistant United States Attorney
Office of the General Counsel
Social Security Administration
701 Fifth Avenue, Suite 2900 M/S 221A
Seattle, WA 98104

    Attorneys for Defendant

HERNÁNDEZ, District Judge:

Plaintiff Bernice H. brings this action seeking judicial review of the Commissioner's final decision to deny disability insurance benefits (DIB) under Title II of the Social Security Act. This Court has jurisdiction pursuant to 42 U.S.C. § 405(g) (incorporated by 42 U.S.C. § 1383(c)(3)). For the reasons that follow, the Court reverses the Commissioner's decision and remands this case for further proceedings.

## PROCEDURAL BACKGROUND

Plaintiff applied for DIB on October 22, 2013, alleging an onset date of November 8, 2001. Tr. 8.[2] Her application was denied initially and on reconsideration. *Id.*

On December 21, 2015, Plaintiff appeared, without counsel, for a hearing before an Administrative Law Judge (ALJ). *Id.* On January 27, 2016, the ALJ found Plaintiff not disabled from November 8, 2001 through December 31, 2002, her date last insured. Tr. 13. The Appeals Council denied review. Tr. 1.

## FACTUAL BACKGROUND

Plaintiff alleges disability based on a torn rotator cuff (post-surgery), right knee arthritis, low back pain, diabetes, asthma, and depression. Tr. 62. Her one office visit from the relevant time period indicates that she had bilateral knee pain, likely caused by osteoarthritis and

---

[2] Citations to "Tr." refer to the page(s) indicated in the official transcript of the administrative record, filed herein as Docket No. 10.

aggravated by obesity and trochanteric bursitis of the hip. Tr. 245–46. Plaintiff's knee pain stems from an injury she sustained after falling down a flight of stairs in either 1996 or 1997 while working at the Multnomah County Jail. Tr. 28–29. Plaintiff was fifty-nine years old at the time of the hearing and was forty-six years old at the time of her alleged onset date. Tr. 62. She has a GED and past relevant work experience as an institutional and short order cook. Tr. 27–29. She was awarded Supplemental Security Income (SSI) payments on a separate application. Tr. 53.

## SEQUENTIAL DISABILITY EVALUATION

A claimant is disabled if unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. §§ 423(d)(1)(A), 1382c(3)(a).

Disability claims are evaluated according to a five-step procedure. *See, e.g., Valentine v. Comm'r*, 574 F.3d 685, 689 (9th Cir. 2009). The claimant bears the ultimate burden of proving disability. *Id.*

At the first step, the Commissioner determines whether a claimant is engaged in "substantial gainful activity." If so, the claimant is not disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520(b), 416.920(b). At step two, the Commissioner determines whether the claimant has a "medically severe impairment or combination of impairments." *Yuckert*, 482 U.S. at 140–41; 20 C.F.R. §§ 404.1520(c), 416.920(c). If not, the claimant is not disabled.

At step three, the Commissioner determines whether the claimant's impairments, singly or in combination, meet or equal "one of a number of listed impairments that the [Commissioner]

3 - OPINION & ORDER

acknowledges are so severe as to preclude substantial gainful activity." *Yuckert*, 482 U.S. at 141; 20 C.F.R. §§ 404.1520(d), 416.920(d). If so, the claimant is conclusively presumed disabled; if not, the Commissioner proceeds to step four. *Yuckert*, 482 U.S. at 141.

At step four, the Commissioner determines whether the claimant, despite any impairment(s), has the residual functional capacity (RFC) to perform "past relevant work." 20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant can perform past relevant work, the claimant is not disabled. If the claimant cannot perform past relevant work, the burden shifts to the Commissioner. At step five, the Commissioner must establish that the claimant can perform other work. *Yuckert*, 482 U.S. at 141–42; 20 C.F.R. §§ 404.1520(e) & (f), 416.920(e) & (f). If the Commissioner meets his burden and proves that the claimant is able to perform other work which exists in the national economy, the claimant is not disabled. 20 C.F.R. §§ 404.1566, 416.966.

## THE ALJ'S DECISION

The ALJ first noted that Plaintiff, although informed her of the right to representation, chose to appear and testify without the assistance of an attorney or representative. Tr. 8. At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since her alleged onset date through her date last insured. Tr. 10. Next, at step two, the ALJ found that Plaintiff was not disabled through her date last insured because she lacked a severe impairment or combination of impairments. *Id.* Although the ALJ determined Plaintiff had "obesity and osteoarthritis in the bilateral knees and right hip," he found these impairments did not significantly limit Plaintiff's ability to perform basic work-related activities. *Id.* He also found that Plaintiff's allegations regarding the intensity, persistence, and limiting effects of her

medically determinable impairments were not entirely credible. Tr. 11. Thus, at step two, the ALJ concluded Plaintiff was not disabled as defined by the Social Security Act. Tr. 12.

STANDARD OF REVIEW

A court may set aside the Commissioner's denial of benefits only when the Commissioner's findings are based on legal error or are not supported by substantial evidence in the record as a whole. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). "Substantial evidence means more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (internal quotation marks omitted). The court considers the record as a whole, including both the evidence that supports and detracts from the Commissioner's decision. *Id.*; *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007). "Where the evidence is susceptible to more than one rational interpretation, the ALJ's decision must be affirmed." *Vasquez*, 572 F.3d at 591 (internal quotation marks and brackets omitted); *see also Massachi v. Astrue*, 486 F.3d 1149, 1152 (9th Cir. 2007) ("Where the evidence as a whole can support either a grant or a denial, [the court] may not substitute [its] judgment for the ALJ's") (internal quotation marks omitted).

DISCUSSION

Plaintiff argues that the ALJ erred by: (1) failing to obtain a knowing waiver of representation from Plaintiff; and (2) improperly finding that Plaintiff had no severe impairment or combination of impairments prior to her date last insured at step two of the sequential evaluation. The Court agrees with Plaintiff that a remand is warranted because the ALJ erred when he failed to fulfill his heightened duty to develop the record. Because the Court believes that additional medical records may help inform the step two analysis, it declines to reach the second issue at this time.

5 - OPINION & ORDER

I.      **Waiver of Representation**

Plaintiff argues her waiver of representation was not knowing because the ALJ failed to explain to her that she needed additional records to prove she was disabled prior to December 31, 2002, before she waived her right to representation.  In the alternative, Plaintiff suggests that the ALJ should have attempted to obtain the relevant records himself.  Because the ALJ met the disclosure requirements set forth in 42 U.S.C. § 406(c), the Court finds that Plaintiff knowingly waived her right to representation.  However, a remand is warranted in this case because Plaintiff was prejudiced by the ALJ's failure to meet his heightened duty to develop the record when Plaintiff proceeded without representation.

   A.  Knowing Waiver

Plaintiff argues that she did not knowingly waive her right to representation because she was unaware that she needed to prove her disability from her alleged onset date through her date last insured.  A claimant has a statutory right to counsel at disability hearings and must be made aware of this right.  42 U.S.C. § 406(c); *see also* 20 C.F.R. § 404.1706; *Roberts v. Comm'r Soc. Sec. Admin.*, 644 F.3d 931, 933 (9th Cir. 2011).  The Ninth Circuit has held that as long as the Commissioner complies with the disclosure requirements set forth in 42 U.S.C. § 406(c), there can be no agency error for accepting a plaintiff's waiver of representation.  *Roberts*, 644 F.3d at 934.  Under § 406(c), the Commissioner is required to notify each plaintiff in writing of the options for obtaining an attorney.  *Id.* at 933.  This notification must advise the plaintiff as to the availability of free legal services.  *Id.*  The ALJ is not required, however, to fully discuss the benefits of legal representation or the possibility of contingency arrangements at the hearing.  *Id.*

Plaintiff's allegation that she was unaware of the relevant period is unsubstantiated by the record. Plaintiff's hearing notice from the ALJ specifically informed her that he must decide whether she became disabled on or before December 31, 2002. Tr. 108. In his opening remarks at the hearing, the ALJ stated, "We're here at your request for a hearing on [Plaintiff's] Social Security Disability claim for a period of November 8, 2001 to December 31, 2002." Tr. 20. He then asked Plaintiff if that sounded correct to her, and Plaintiff responded by saying yes. *Id.* As noted by Defendant, Plaintiff has not alleged any impairment that would affect her mental competence or ability to understand the notice she received or what the ALJ told her. Thus, the record reflects that Plaintiff was made aware of the relevant period. *See Brown v. Colvin*, No. 2:15-CV-1430-WBS-CKD, 2016 WL 1109026, at *4 (E.D. Cal. Mar. 22, 2016), *report and recommendation adopted*, No. 2:15-CV-1430 WBS CKD, 2016 WL 4047044 (E.D. Cal. Apr. 11, 2016) (stating that the ALJ does not need to provide additional disclosures when a claimant fails to produce evidence of a learning disability or mental impairment).

Further, Plaintiff was duly made aware of her statutory right to counsel under § 406(c). The ALJ notified Plaintiff of her options for obtaining an attorney and the availability of free legal services in a letter with enclosures dated October 21, 2015. Tr. 106–118. The Notice of Disapproved Claim and Notice of Reconsideration that Plaintiff received both state that "you can have a friend, lawyer or someone else" help with the appeal and that "[t]here are groups that can . . . give you free legal services if you qualify." Tr. 83, 89. These notices include the possibility of hiring an attorney on a contingency basis, and the ALJ's notification contained a list of free legal services organizations and their contact information. Tr. 83, 89, 101–02. Additionally, at the beginning of the hearing, the ALJ confirmed with Plaintiff that she received and understood the hearing notice and its enclosures. Tr. 21–22. The ALJ even repeated the

contents of his letter and confirmed with Plaintiff that she understood her right to representation. *Id*. Thus, the ALJ made Plaintiff aware of both the relevant period and her statutory right to counsel in compliance with § 406(c). Accordingly, the ALJ did not err in accepting her waiver of representation.

B. Failure to Develop the Record

Plaintiff, in the alternative, suggests that the ALJ failed to fulfill his heightened duty to develop the record. Regardless of whether a waiver of representation is knowing, courts in the Ninth Circuit have focused on whether the ALJ fulfilled his heightened duty to develop the medical record. *Vidal v. Harris*, 637 F.2d 710, 714 (9th Cir. 1981) ("The issue is not whether the right to representation was knowingly waived, rather, it is whether, in the absence of representation, the administrative law judge met the heavy burden imposed by *Cox*."). The ALJ's independent duty to fully and fairly develop the record is heightened when a claimant proceeds *pro se*. *Smolen v. Chater*, 80 F.3d 1273, 1283 (9th Cir. 1996); *Celeya v. Halter*, 332 F.3d 1177, 1183 (9th Cir. 2003). Under this heightened duty, the ALJ must "scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts" to protect the plaintiff's interests. *Cox v. Califano*, 587 F.2d 988, 991 (9th Cir. 1978). Where an ALJ fails to meet this duty and the plaintiff can demonstrate prejudice or unfairness in the administrative proceeding because counsel was not present, remand is warranted. *Vidal*, 637 F.2d at 713. To demonstrate prejudice, the plaintiff must point to specific facts, arguments, or evidence an attorney would have developed that could have changed the outcome of the proceedings. *See Santos v. Massanari*, 11 F. App'x 906, 906 (9th Cir. 2001).

The ALJ's duty to further develop the record is only triggered where "there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence."

*Mayes v. Massanari*, 276 F.3d 453, 460 (9th Cir. 2001) (citing *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001)). The ALJ determines whether the evidence in the record is inadequate by considering the record as a whole. *Tonapetyan*, 242 F.3d at 1150. The ALJ does not need to make a specific finding of ambiguity or inadequacy for this duty to be triggered. *McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2010) (citation omitted). For example, the ALJ's duty is triggered where it is clear medical records are missing or additional medical records are referenced but not included in the administrative record. *See Rivers v. Colvin*, No. EDCV 16-0163-KK, 2016 WL 7349716, at *4 (C.D. Cal. Dec. 19, 2016) (holding the ALJ failed to develop the record for a represented plaintiff when medical records from a treating physician referenced a treating orthopedist whose notes were not included in the record); *see also Ruiz v. Colvin*, No. EDCV 16-2027-KK, 2017 WL 2468781, at *5 (C.D. Cal. June 5, 2017) (holding the ALJ failed to develop the record for a represented plaintiff by not inquiring into the dermatological referral referenced in two treatment records). Once this duty is triggered, the ALJ may discharge it in various ways, including: "subpoenaing the claimant's physicians, submitting questions to the claimant's physicians, continuing the hearing, or keeping the record open after the hearing to allow supplementation of the record." *Tonapetyan*, 242 F.3d at 1150 (citing *Tidwell v. Apfel*, 161 F.3d 599, 602 (9th Cir. 1998); *Smolen*, 80 F.3d at 1288.

In this case, ALJ failed to fulfill his heightened duty to develop the record when Plaintiff was unrepresented at her hearing. While Plaintiff's testimony demonstrates that she is a poor historian, she indicates that she was in and out of the hospital and emergency room during the relevant period because she kept reinjuring herself. Tr. 32–33. At the hearing, Plaintiff testified that she received Workers' Compensation in 1997 and underwent surgery on her left knee after her accident. Tr. 28–31. Further, Dr. Lehtinen indicated in her office visit on March 5, 2002

that Plaintiff received an injection for her hip pain and should consider physical therapy for her knee pain. Tr. 246. There is no documentation, however, relating to Plaintiff's Workers' Compensation claim, knee surgery, injection, or hospital or emergency room visits in the record, and all of the lay witness testimony and Plaintiff's own function reports were not relevant to the time period at issue. The ALJ even told Plaintiff that her lack of records from the relevant time period "was a major obstacle" to her establishing that she was disabled during the relevant period. Tr. 50. At the close of the hearing, the ALJ told Plaintiff: " . . . if you think there are medical records out there somewhere that will provide additional information, then, you know, we could try and find those[.]" Tr. 51. But the ALJ never provided her with the opportunity to supplement the record. Given the inadequacy of the medical records for the relevant period and the indications throughout the record that it was incomplete, the ALJ's heightened duty to develop the record was triggered. *See Held v. Colvin*, 82 F. Supp. 3d 1033, 1041 (N.D. Cal. 2015) (holding that the inadequacy of a *pro se* claimant's medical records triggered the ALJ's duty to conduct an appropriate inquiry). By failing to take any affirmative steps to develop the record, including leaving the record open at the close of the hearing for Plaintiff to supplement her records, the ALJ failed to fulfill this duty.

In light of the above, the Court also finds that Plaintiff was prejudiced by the absence of counsel. Had Plaintiff been represented, counsel would have postponed the hearing to obtain additional records from the relevant period. *See Killiam v. Astrue*, No. CV 07-3006-RC, 2008 WL 3540250, at *5 (C.D. Cal. Aug. 12, 2008) (holding the *pro se* plaintiff demonstrated prejudice and merited a remand for further proceedings when the ALJ failed to request the plaintiff's medical records from his treating physicians). Accordingly, this case should be remanded because Plaintiff was not represented by counsel and the ALJ did not "scrupulously

and conscientiously probe into, inquire of and explore for all relevant facts[.]" *Vidal*, 637 F.2d at 715 (quoting *Cox*, 587 F.2d 991).

## II.     Remand for Further Proceedings

The decision whether to remand for further proceedings or for immediate payment of benefits is within the discretion of the Court. *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000). The issue turns on the utility of further proceedings. A remand for an award of benefits is appropriate when no useful purpose would be served by further administrative proceedings or when the record has been fully developed and the evidence is insufficient to support the Commissioner's decision. *Strauss v. Comm'r of Soc. Sec. Admin.*, 635 F.3d 1135, 1138–39 (9th Cir. 2011). The "ordinary remand rule" is the proper course except in rare circumstances. *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1101 (9th Cir. 2014).

On this record, the Court concludes that outstanding issues must be resolved before a final determination of disability is made. The record was incomplete because the ALJ failed to fulfill his heightened duty to develop the record. Accordingly, the proper remedy is to remand for further administrative proceedings.

## CONCLUSION

Based on the foregoing, the Commissioner's decision is reversed and remanded for further proceedings.

IT IS SO ORDERED.

Dated this  14  day of August, 2018.

*Marco Hernández*
MARCO A. HERNÁNDEZ
United States District Judge